**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM EDWARD MATUREN,

    Plaintiff,

v.                                          Case No. 06-CV-15126

LOWE'S HOME CENTERS, INC.,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Pending before the court is the September 18, 2007 report and recommendation ("R&R") of United States Magistrate Judge Charles Binder, which recommends dismissing the federal and state claims arising from Plaintiff William Maturen's terminated employment relationship with Defendant Lowe's Home Centers, Inc. The R&R further recommends granting Defendant's February 21, 2007[1] and May 11, 2007 motions to dismiss. The court granted Plaintiff's request for additional time to file objections to the R&R. (10/3/07 Order.) The new deadline of October 18, 2007 has passed and Plaintiff has failed to file any objections. The court will therefore adopt the R&R and order the case dismissed.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

---

[1]This motion seeks in the alternative partial summary judgment.

to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions to determine the outcome of the motions.

Failure to file objections and failure to file *specific* objections each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987); *Willis v. Sec'y of HHS*, 931 F.2d 390 (6th Cir. 1991).

The court adopts and incorporates by reference the magistrate judge's correct recitation of the standard for granting a motion to dismiss under Federal Rule of Civil Procedure 12. (*See* R&R at 4-5.) To the extent that this court or the R&R rely on record evidence, the court views that evidence in the light most favorable to Plaintiff. Fed. R. Civ. P. 56.

## II. DISCUSSION

Plaintiff filed no objections and, consequently, has waived the right to *de novo* review by this court and further right of appeal. *Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155; *Howard*, 932 F.2d 508-09. The court has nonetheless reviewed the R&R, and finds that it is correct.

Specifically, the court has reviewed the summary of facts underlying the

magistrate judge's report, and finds them supported by the pleadings.  The court further has reviewed the conclusions of law recommended by the Report, and finds them each to be correct.  Plaintiff's complaint is time barred because he filed his complaint after the ninety-day requirement of Title VII.  The R&R's analysis of the law is accurate, as is its conclusion that nothing in the record rebuts the presumption that Plaintiff received his right to sue letter and failed to act on it in time.  (R&R at 5-7.)  Nor is the court persuaded that equitable tolling should apply under the circumstances presented.  (*Id.* at 7-8.)  Further, for the reasons given in the R&R, Plaintiff's claims of wrongful termination and retaliation fail on the merits.  (*Id.* at 8-12.)  The R&R therefore did not err when it recommended dismissal of Plaintiff's federal claims.

With respect to Plaintiff's state law claims, the court agrees with the analysis of the R&R.  The count of defamation is untimely and in any event fails to state a claim under Michigan law.  (*Id.* at 12-14.)  As an at will employee, Plaintiff is barred from claiming breach of implied promises (Count 6) or wrongful termination (Count 1).  (*Id.* at at 14-15.)  Nor do positive evaluations and other similar commendations have the effect of creating just cause employment.  (*Id.*)  Michigan law also does not recognize in the employment context a claim for breach of implied covenant of good faith and fair dealing (Count 7).  (*Id.* at 15.)  Finally, Plaintiff's count of false imprisonment (Count 9) is both untimely and defective on the merits.  (*Id.* at 15-16).

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the magistrate judge's report and recommendation [Dkt. # 41] is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that the complaint is DISMISSED and that Defendant's Motions to Dismiss [Dkt. # 14, 27] are GRANTED. To the extent that the R&R relied on record evidence, the court will issue a separate judgment.


                                      S/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: October 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 26, 2007, by electronic and/or ordinary mail.

                                      S/Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522